UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEONTE FURGE,

   *Plaintiff,*

   *v.*

CITY OF MONONA,
JARED WEDIG, AND
LUKE WUNSCH                        Case No: 3:20-cv-00846

   *Defendants.*

## COMPLAINT

Plaintiff Keonte Furdge, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

### INTRODUCTION

1. On June 2, 2020, Keonte Furdge was living with a friend in the City of Monona. He was at the house alone when Defendant Police Officer Jared Wedig opened the front door of the house without knocking or ringing the doorbell and pointed his gun inside the house.

2. Defendant Police Officer Luke Wunsch arrived shortly thereafter and met Defendant Wedig at the front door of the house. The Defendant police officers then quietly entered the house, whispering to each other, with their guns drawn and pointed in the direction of the room Keonte Furdge was in.

1

3. Once inside the house, Defendant Wedig shouted "Police department, come out with your hands up!" Keonte Furdge came out of his room with his hands up as Defendant Wedig handcuffed his hands behind his back.

4. Defendants Wedig and Wunsch intruded into Keonte Furdge's home because a neighbor called the police to report that a black man was sitting on the front porch of the house and she felt it was suspicious because she thought that the house was supposed to be vacant.

5. Defendants Wedig and Wunsch illegally entered the house and handcuffed Keonte Furdge at gunpoint without having a search warrant permitting them to enter the house and without there being any exigent circumstances that permitted them to enter the house without a search warrant.

6. Upon realizing that Keonte Furdge was living at the house, Defendants said this was a "misunderstanding" and apologized to Keonte Furdge, saying "sorry to ruffle your feathers this morning."

7. This lawsuit seeks to establish that this was more than a misunderstanding. It seeks to vindicate the violation of Keonte Furdge's constitutional rights. It seeks to effect change through punitive damages by punishing the Defendants for their egregious conduct with the hope that the punishment is significant enough to prevent this from happening again in the future, so that a person can move into a formerly vacant house in the City of Monona and sit on his front porch without having to fear that the police will break in and shoot him.

## JURISDICTION AND VENUE

8. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

9. This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b). Defendant City of Monona is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

11. Plaintiff Keonte Furdge is a resident of the State of Wisconsin and the County of Dane.

12. Defendant City of Monona is a political subdivision of the state of Wisconsin and is and/or was the employer of the individual police officer Defendants Wedig and Wunsch and is required to pay any tort judgment for damages for which its employees are liable for acts within the scope of their employment.

13. Defendant Jared Wedig was, at the time of this occurrence, employed as an officer in the City of Monona's Police Department. Defendant Wedig engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the City of Monona.

14. Defendant Luke Wunsch was, at the time of this occurrence, employed as an officer in the City of Monona's Police Department. Defendant Wunsch engaged in the

conduct complained of while he was on duty and in the course and scope of his employment with the City of Monona.

15. At all times relevant to this action, Defendants Wedig and Wunsch were acting under color of state law, ordinance, and/or regulation. These Defendants are sued in their individual capacities.

## FACTS

16. On June 2, 2020, at around 11:00 a.m., a woman called the City of Monona Police Department non-emergency number to report that she saw an "African American wearing sweatpants, flip flops and a white shirt" sitting on the front step of 5111 Arrowhead Drive, that she thought this was suspicious and that she would like the police to check on this person.

17. City of Monona Police Officer Wedig responded to 5111 Arrowhead Drive and first went to talk one of residents standing outside of 5109 Arrowhead Drive, the address of the resident who called the police. Rory R. Lipke was standing outside of his house at 5109 Arrowhead Drive and told Defendant Wedig that the person who was sitting on the front steps was wearing gray sweatpants and a blue sweatshirt.

18. Without talking to any other neighbors, contacting the owner of the home, ringing the doorbell or even knocking on the door, Defendant Wedig turned the doorknob and opened the front door of the house. Defendant Wedig heard someone talking inside the house, drew his pistol, and stood in the doorway with his gun pointed inside the house while waiting for additional officers to arrive.

4

19. At the time that Defendant Wedig opened the front door of the house and crossed the door threshold into the house with his body, he did not have consent to enter the house, he had not sought consent to enter the house, he did not have a search warrant permitting him to enter the house, he had not sought a search warrant, and there were not any exigent circumstances that permitted him to enter the house without a search warrant.

20. City of Monona Police Officer Wunsch arrived and approached the house with his pistol drawn and met Defendant Wedig at the front door of the house.

21. Despite both Defendants Wedig and Wunsch knowing that they did not have consent to enter the house, did not have a search warrant to enter the house, and that there were no exigent circumstances that permitted a warrantless entry, they both stealthily entered the house, whispering to each other, with their guns drawn and pointed in the direction of Keonte Furdge without knocking on the door, ringing the doorbell or announcing themselves as police officers.

22. By this point, there were two more Monona Police officers on scene.

23. One officer had secured the back door.

24. And another officer was talking to one of Keonte Furdge's neighbor across the street, who would confirm that there were two young men living in the house, with permission of the owner.

25. Despite the fact that the house was surrounded and secure, the Defendants decided to continue escalating the situation.

26. Once inside the house, Defendant Wedig, gun drawn, shouted "Police department, come out with your hands up!"

27. In response the Defendant Wedig's shouting, Keonte Furdge walked into the living room where the officers were with his hands up, wearing a white t-shirt, gray sweatpants, and flip flops and informed the Defendants that he and his friend were staying at the house with the owner's permission.

28. Defendant Wedig ordered Keonte Furdge to turn around and put his hands behind his back. Keonte Furdge complied with Defendant Wedig's instructions and Defendant Wedig cuffed Keonte Furdge's hands behind his back.

29. After Defendant Wedig ordered Keonte Furdge to turn around and put his hands behind his back, before he told police his name, Defendant Wunch ask if his name was Keonte. Keonte Furdge responded, "Yes, it is Keonte."

30. Keonte asked the police officers why he was being detained. Defendants Wedig and Wunsch told him it was because he did not live here, that the person who previously lived here passed away, and the person who called the police was concerned that the house got broken into or something.

31. Upon realizing that Keonte Furdge was living at the house, Defendant Wedig removed his handcuffs.

32. Defendant Wedig then left the house and soon returned back into the house and said that another neighbor knows that Keonte and his friend were staying at the house. Keonte Furdge informed the officers that his friend moved in yesterday and that they are going to be staying there for two months.

33. Before the police left, Defendant Wedig told Keonte Furdge that he would tell the neighbors that Keonte and another person were staying here "so this crap doesn't

6

happen again." Defendant Wunch told Keonte, "sorry man, not what you want to be going through," and "*I am glad it was you and I recognized you verses somebody who I didn't know, but, ah, that is still not, nobody wants that interaction.*"

34. At no point, even after uncuffing Keonte Furdge, did the Defendants ask him whether they had consent to stay in his home.

35. The police officers did not make phone contact with the owner of the house, but Defendant Wedig indicated that he spoke to a person at the residence that called in the suspicious person report and that it "was a misunderstanding." Defendant Wunch stated that both Keonte and his friend "are both big black guys, so, neighbors over here can be…." Defendant Wedig said "it makes sense, man, we get it, sorry for the misunderstanding on our part." Defendant Wunsch said, "we'll get out of your hair man, sorry to ruffle your feathers this morning."

36. Later in the day, the City of Monona Chief of Police Walter Ostrenga issued a press release stating, "Following protocol, believing this was possibly a burglary to a residence, [the officers] entered the house with guns drawn."

37. City of Monona Chief of Police Walter Ostrenga made the above statement in his press release knowing that Defendants Wedig and Wunsch did not have consent to enter the house, did not have a search warrant authorizing them to enter the house, and that exigent circumstances permitting a warrantless entry did not exist.

38. As a direct and proximate result of the acts of Defendants, as detailed above, Plaintiff has suffered, *inter alia*, bodily injury, pain, suffering, mental distress, humiliation, loss of liberty, and has incurred expenses.

7

39. Defendant City of Monona is liable to defend this action against Defendants Wedig and Wunsch, and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

## COUNT I:
## 42 U.S.C. § 1983 Claim for Unlawful Entry

40. Plaintiff realleges the above paragraphs.

41. The actions of Defendants Wedig and Wunsch in entering Plaintiff's home and searching it without a warrant, and without any other permissible lawful reason to do so, violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42. U.S.C. § 1983.

42. The aforementioned actions of Defendants Wedig and Wunsch were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Wedig and Wunsch; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT II:
## 42 U.S.C § 1983 Claim for False Arrest and Detention

43. Plaintiff realleges the above paragraphs.

44. The actions of Defendants Wedig and Wunsch in falsely arresting and/or detaining Plaintiff, without probable cause, violated his Fourth Amendment right to be free from unreasonable search and seizure, and thus violated 42. U.S.C. § 1983.

45. The aforementioned actions of Defendants Wedig and Wunsch were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Wedig and Wunsch; and because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT III:
### 42 U.S.C. § 1983 Claim for Excessive Force / Failure to Intervene

46. Plaintiff realleges the above paragraphs.

47. The intentional actions of Defendants Wedig and Wunsch in entering the house without a warrant and without exigent circumstances and ordering Keonte Furdge to come out of his room at gunpoint were excessive, unjustifiable and unnecessary force against Plaintiff and/or intentionally failing to prevent said abuse, despite having the opportunity and duty to do so, violated Plaintiff's Fourth Amendment right to be free from unreasonable arrest and seizure, and thus violated 42 U.S.C. § 1983.

48. The aforementioned actions of Defendants Wedig and Wunsch were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Wedig and Wunsch; and because they acted

maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT IV:
## 42 U.S.C. § 1983 *Monell* Policy Claim
## (City of Monona)

49. Plaintiffs realleges the above paragraphs.

50. The above alleged actions of Defendants Wedig and Wunsch were done pursuant to one or more interrelated policies, practices and/or customs of the Defendant City of Monona, its Police Department and/or its Police Chief.

51. At all times material to this complaint, Defendant City of Monona, its Police Department and/or its Police Chief had interrelated de facto policies, practices, and customs which included, inter alia: 1) to enter a private residence without a search warrant and without exigent circumstances that permitted a warrantless entry, and 2) a failure to adequately hire, train, discipline, supervise, monitor, transfer, counsel, and control its police officers, including, but not limited to, Defendants Wedig and Wunsch.

52. The City of Monona's policies, practices, and customs encourages its officers to use lethal force to protect vacant properties. Accordingly, the policies, practices, and customs, value property over human life.

53. These policies, practices and customs encouraged the above police misconduct and were separately and together, the moving force and a direct and proximate cause of the unconstitutional acts committed by Defendants Wedig and Wunsch, and the injuries and damages sustained by Keonte Furdge.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant City of Monona plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: September 14, 2020

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
33 East Main Street, Suite 400
Madison, Wisconsin 53703
[608] 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff