IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEONTE FURDGE,

                    Plaintiff,

          v.                                              OPINION and ORDER

JARED WEDIG and LUKE WUNSCH,                               20-cv-846-jdp

                    Defendants.

---

This case is set for trial beginning with jury selection on March 21, 2022, at 9:00 a.m. The court will hold a final pretrial conference on March 16 at 4:00 p.m. To facilitate the final pretrial conference, this order addresses the parties' motions in limine.

To frame the court's rulings, it's useful to recap the court's two main summary judgment rulings. First, defendant Monona police officers, Jared Wedig and Luke Wunsch, violated plaintiff Keonte Furdge's Fourth Amendment rights by their warrantless entry and by detaining Furdge at gunpoint, briefly handcuffing him, and continuing the detention after learning that he had not committed a crime. Dkt. 43. Second, Furdge is not entitled to punitive damages because defendants did not violate Furdge's rights intentionally or recklessly. Furdge abandoned his separate excessive force claim. The only matter for trial is Furdge's compensatory damages.

## A. Furdge's motions in limine

Furdge filed five motions in limine. Dkt. 55 and Dkt. 56.

### 1. Motion in limine 1

Furdge seeks to exclude evidence or argument that defendants reasonably entered the home and detained Furdge. Specifically, Furdge asks to bar evidence that: (1) defendants'

conduct was reasonable; (2) defendants believed their conduct was reasonable; (3) defendants believed their conduct was lawful; (4) Furdge lacked an expectation of privacy; (5) there were exigent circumstances; (6) there was probable cause to believe that Furdge was committing a crime; (7) defendants were "just doing their jobs;" (8) defendants did what they were trained to do; (9) Furdge was at fault in the incident; (10) defendants had a reason to believe that Furdge was armed or dangerous; (11) if Furdge suffered harm, it was because of the neighbor or dispatch; (12) anything else similar.

The motion is granted. As both parties acknowledge in their motions in limine and responses, this trial is not about whether defendants' actions were reasonable or lawful. Defendants' liability for Fourth Amendment violations has been established. This trial is only about Furdge's compensatory damages. *Guzman v. City of Chicago*, 689 F.3d 740, 745 (7th Cir. 2012) ("the purpose of a damages-only trial is to determine the amount of damages, not the defendants' liability").

Defendants may introduce evidence that explains who defendants were, and why they went to the home on the day of the incident. Defendants may offer evidence that Furdge was at the house as an overnight guest of his friend, Toren Young, who had Mark Rundle's permission to live there. This information provides the needed context to explain what happened. But defendants may not introduce evidence concerning their intent, any justification for entering the home or detaining Furdge, or Furdge's privacy expectations.

### 2. Motion in limine 2

Furdge seeks to exclude evidence that Wunsch had seen a snapchat photograph of Furdge holding a gun. The motion is granted because Furdge's lawful possession of a firearm on another occasion is irrelevant and prejudicial. Because the discussion is included on one of

2

the bodycam recordings, the court will discuss how to effectuate this ruling at the pretrial conference.

### 3.  Motion in limine 3

Furdge seeks to bar defendants from statements that police officers have a dangerous job. The motion is granted; the topic is irrelevant in light of the court's summary judgment rulings.

### 4.  Motion in limine 4

Furdge seeks to prevent defendants from referring to the jury as taxpayers. The motion is granted as unopposed.

### 5.  Motion in limine 5

Furdge seeks to prevent defendants from offering character evidence or evidence of other crimes, wrongs, or acts without a prior ruling from the court. The motion is granted as unopposed. Any character, crimes, wrongs, or acts evidence that either side seeks to introduce will be subject to the limitations of Federal Rule of Evidence 404.

## B.  Defendants' motions in limine

Defendants filed ten motions in limine. Dkt. 50.

### 1.  Motion in limine 1

Defendants seek to exclude evidence that was not disclosed during discovery pursuant to Federal Rules of Civil Procedure 25 and 37. Defendants do not identify any undisclosed evidence, but the motion is granted as unopposed. The court will not allow any party to present improperly disclosed evidence at trial. *See* Fed. R. Civ. P. 37(c).

### 2.  Motion in limine 2

Defendants seek to exclude evidence that defendants are covered by insurance or indemnified in this case. The motion is granted as unopposed. Fed. R. Evid. 411; *Lawson v. Townbridge*, 153 F.3d 368, 379 (7th Cir. 1998) ("In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill.").

### 3.  Motion in limine 3

Defendants seek to exclude evidence of Furdge's emotional distress resulting from the public release of the bodycam footage. Furdge says that he intends to testify that he suffered embarrassment and humiliation because the bodycam footage garnered media attention and was widely shared. Defendants' motion is denied.

When officers violate a plaintiff's Fourth Amendment rights, the plaintiff is entitled to obtain damages for the foreseeable consequences of the officers' illegal conduct. *Guzman*, 689 F.3d at 748; *Herzog v. Vill. of Winnetka, Ill.*, 309 F.3d 1041, 1044 (7th Cir. 2002). It is foreseeable that rights violations captured on officer bodycams would be released to the public, garner attention, and cause embarrassment or humiliation.

### 4.  Motion in limine 4

Defendants seek to exclude evidence that Furdge has suffered from any specifically diagnosed physical or mental medical condition as a result of defendants' actions. The motion is granted.

A medical diagnosis generally requires expert testimony, and under Federal Rule of Civil Procedure 26, a party is required to disclose any expert witness it may use at trial. Furdge did not disclose any expert witnesses, so Furdge may not introduce evidence that he has been

diagnosed with any physical or mental medical conditions as a result of defendants' violation. Furdge may present testimony about his physical or mental distress, so long as his testimony is based on his own perceptions and common sense. Federal Rule of Evidence 701.

### 5.  Motion in limine 5

Defendants seek to exclude non-expert opinions related to Furdge's physical or mental diagnoses, including a panic attack that Furdge says he experienced. The motion is granted in part. As the court has ruled in connection with motion in limine 4, Furdge may not offer testimony about diagnosed physical or mental health conditions. But Furdge may offer lay testimony based on his own perception and common sense. Certain mental conditions, such as a panic attack, are not beyond the understanding of a layperson. *Cf Brooks v. City of Kankakee, Illinois*, No. 17-cv-2265, 2019 WL 2572523, at *3 (C.D. Ill. Apr. 12, 2019) (conditions like depression and anxiety are specific mental health diagnoses, but they are also unpleasant feelings that many people experience whether they have a mental health diagnosis or not).

### 6.  Motion in limine 6

Defendants seek to preclude Furdge from suggesting that the jury should "send a message" to defendants or the Monona Police Department with their verdict. The motion is granted as unopposed.

### 7.  Motion in limine 7

Defendants seek to prevent Furdge from advancing "golden rule" or "reptile theory" arguments or testimony. Defendants explain that these arguments are statements asking the jury to place themselves in plaintiffs' shoes or statements designed to provoke jurors' fear, anger, and desire to protect themselves and the community. The motion is granted with respect

to golden rule arguments. Furdge may not expressly ask the jurors to put themselves in Furdge's position.

But the motion is denied as to the reptile theory. Such motions have become something of a fad among defense attorneys. But the reptile theory, based on a simplistic notion of brain science, is so vaguely defined that the court would have no idea how to enforce a ruling to exclude it. The court will instruct the jury to decide the case based on the evidence, and that will have to be enough to keep the jurors' reptilian brains at bay.

### 8.  Motion in limine 8

Defendants seek to exclude evidence that defendants used excessive force against Furdge. The motion is granted.

Furdge agrees that he will not testify or argue that defendants used excessive force against him. But Furdge may introduce evidence that defendants' use of firearms and handcuffs contributed to his injuries.

### 9.  Motion in limine 9

Defendants seek to exclude evidence that defendants conduct was racially motivated. Specifically, defendants seek to exclude any reference to George Floyd, Breonna Taylor, or any other situation in which Black individuals were killed by police. Defendants also seek to exclude several excerpts of bodycam footage that refer to Furdge's race or other racial issues. The court will reserve ruling on this motion and hear argument on the topic during the final pretrial conference.

**10. Motion in limine 10**

Defendants seek to exclude evidence related to attorney fees under 15 U.S.C. § 169k(a)(3). The motion is granted as unopposed.

Entered March 15, 2022.

<div style="margin-left: 40%;">

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

</div>